Scott McKay (ISB#4309)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
smckay@nbmlaw.com

Attorneys for Defendant Nicholas Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | CASE NO. 1:22-CR-00104-DCN |
| Plaintiff,    ) | |
| ) | **DEFENDANT'S UNOPPOSED** |
| vs.    ) | **MOTION FOR EARLY** |
| ) | **TERMINATION OF SUPERVISED** |
| NICHOLAS JONES,    ) | **RELEASE** |
| ) | |
| Defendant.    ) | |
| _____ ) | |

Defendant Nicholas Jones, through undersigned counsel, moves this Court pursuant to 18 U.S.C. § 3583(e)(1) for early termination of supervised release. Mr. Jones's U.S. Probation Officer does not object to early termination of supervision and confirms that Mr. Jones is in full compliance with the conditions of supervised release, that Mr. Jones has had no instances of non-compliance, and that Mr. Jones's court imposed financial obligations including restitution have been satisfied in full. Good cause exists to now terminate supervision. The conduct of Mr. Jones and the interests of justice are satisfied by granting his early release from supervision as more fully described herein and the contemporaneously filed letters from U.S. Probation and from Nicholas Jones. *See* Exhibits 1 and 2 to the Declaration of Scott McKay. The government, through its handling attorney, Acting US Attorney Justin Whatcott, has advised it does not oppose this motion.

DEFENDANT'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 1

**MEMORANDUM**

18 U.S.C. § 3583(e)(1) allows the Court to grant early termination of supervised release if the Court, after considering a subset of the factors laid out in 18 U.S.C. § 3553(a), is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Workman*, No. 1:19-CR-00260-DCN, 2023 WL 6163139 at *1 (D. Idaho, Sept. 21, 2023) (quoting 18 U.S.C. § 3583(e)(1)). Further, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) *citing United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Mr. Jones was sentenced on October 19, 2022. A Judgment was entered on October 24, 2022 (Dkt. 29) and an Amended Judgment on November 7, 2022 (Dkt. 33). A Stipulation for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) was filed on January 24, 2024 (Dkt. 45) and an Order Reducing Sentence was filed on January 25, 2024 (Dkt. 47). This Order reduced Mr. Jones's term of imprisonment from 30 months to 24 months. Mr. Jones was released from incarceration on or about February 5, 2024, placed on three years of supervised release and he has been supervised for more than the mandatory term of one year. 28 U.S.C. § 3561(c)(1). Mr. Jones resides in Florida with his wife and four young children where he is supervised by U.S. Probation from the Middle District of Florida. He has fully complied with all conditions placed upon him by the Court and his probation officer has found no instances of Mr. Jones's noncompliance with the terms of supervised release. His probation officer has no objection to early termination of supervision. *See* Letter from U.S. Probation Officer Kelvern Grant dated April 18, 2025, attached to McKay Declaration as Exhibit 1.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court, in considering the early termination of

supervised release, must weigh the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), then then grant early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The first factor the Court must consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here and pursuant to pre-indictment negotiated resolution, Mr. Jones pleaded guilty on June 1, 2022 to a two-count information charging him with non-violent financial crimes associated with his misuse of federal economic relief loans. Mr. Jones was sentenced to 30 months imprisonment which the Court later reduced by six months. (Dkts. 33 (Amended Judgment) and 47 (Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)). The Government stipulated to the reduction pursuant to Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, which allows for a reduction if the defendant satisfies a list of criteria. (Dkt. 45); *see* United States Sentencing Guidelines Manual (USSG) § 4A1.1(a). Among the requirements for consideration were the fact that Mr. Jones did not receive any criminal history points under the Guidelines. USSG § 4A1.1(a). Another requirement was that Mr. Jones "did not personally cause substantial financial hardship." *Id*. Thus, the Government already has agreed that Mr. Jones has no criminal history and also that he did not personally cause substantial financial hardship. Both facts speak to the nature and circumstances of the offense, as well as Mr. Jones's character and history. As both are mitigating, the first factor the court must consider weighs in favor of early termination of supervised release in this case.

The second factor the Court must consider is the need for the sentence to afford deterrence. Mr. Jones's sentence in this case has already provided adequate deterrence against

any future criminal activity on his part. As Mr. Jones writes to this Court in his letter, he "is not the same person [he] was when [he] entered prison." *See* Letter from Nicholas Jones dated April 24, 2025 attached to McKay Declaration as Exhibit 2. Mr. Jones notes his deep respect for the legal system, and that he fully comprehends the second chance he has received. Additionally, Mr. Jones had paid a fine of $100,000 and restitution in the amount of $90,564.84 has now been satisfied. Mr. Jones has already been deterred by his criminal sentence in this case, and thus the second factor, listed under 18 U.S.C. § 3553(a)(2)(B), also weighs in favor of early termination of his supervised release.

The third factor the court must consider – the need to protect the public from further crimes – also supports early termination of supervised release. Mr. Jones has fully cooperated with his probation officer and complied with all the conditions of his release. As described in his letter to the Court, he has allowed his probation officer to conduct home visits, and to access any documents or property his probation officer has deemed relevant to Mr. Jones's probation. He notifies his probation officer of any changes in employment, and he has not incurred new credit charges, nor has he opened new lines of credit without prior approval. He has not founded any new companies or applied for any new business loans. Additionally, Mr. Jones does not associate with anyone involved in criminal activity; nor does he associate with convicted felons without prior approval. He simply does not pose a danger to the community. He has demonstrated his willingness to cooperate with authority, and his desire to avoid any future negative interaction with law enforcement. Because of this, consideration of 18 U.S.C. § 3553(a)(2)(C) weighs in favor of early termination of supervised release in Mr. Jones's case.

Fourth, the Court must consider the need to provide any vocational training, medical care or other correctional treatment when fashioning a sentence. The Court considered this in initially

DEFENDANT'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4

sentencing Mr. Jones, and it determined Mr. Jones was at "low risk" of future substance abuse. *See* Amended Judgment at p. 3. Mr. Jones has ensured that determination has remained accurate today. As described in his letter, he has taken part in required mental health treatment, adhered to all treatment plans, and kept his parole officer abreast of any changes in those plans. He does not require vocational training: he is steadily employed at a job approved by his probation officer and dedicated in his support of his wife's small business. Thus, the fourth factor for the Court's consideration weighs heavily in favor of early termination of Mr. Jones's supervised release.

The Court's need to evaluate 18 U.S.C. § 3553(a)(4)-(6) can be satisfied by considering the fact that Mr. Jones's sentence was reduced under an amendment to the Sentencing Guidelines. Title 18 U.S.C. § 3553(a)(4) directs the Court to consider the sentencing range established for the category of offense in question. Importantly, the Sentencing Commission decreed its change to Amendment 821 of the Guidelines applied retroactively (Dkt. 45) and further directed courts – in issuing reductions – to consider the guideline range that would have been appropriate at the time of the defendant's sentencing had the Amendment been in effect. USSG § 1B1.10(b)(1). Had this Amendment been in effect at the time of Mr. Jones's sentencing, he would have received a lesser sentence. (Dkt. 45). This fact weighs in favor of early termination of supervised release.

18 U.S.C. § 3553(a)(5) requires the court to also consider any pertinent policy statements by the Sentencing Commission. With respect to the early termination of supervised release, the Sentencing Guidelines notably "encourage[] [courts] to exercise this authority in appropriate cases." USSG §5D1.2, comment. (n.5).

18 U.S.C. § 3553(a)(6) requires courts to consider the need to avoid unwarranted sentencing disparities among defendants with similar criminal records and who have been

convicted of similar conduct. Given the retroactive application of the Sentencing Commission's change to the Guidelines, this factor weighs in favor of early termination of supervised release. Individuals convicted today of conduct similar to Mr. Jones's – and who are of a similar background to Mr. Jones – would receive lesser sentences than Mr. Jones. Granting early termination of supervised release will help reduce disparities in sentences between Mr. Jones and others similarly situated.

18 U.S.C. § 3553(a)(7) requires the Court to consider the need to provide any restitution to victims of the offense. Here, as already noted, restitution in this case has been fully satisfied. Thus, all financial obligations in his case are satisfied, a factor that heavily weighs in favor of granting Mr. Jones early termination from supervised release.

Finally, and returning briefly to 18 U.S.C. § 3553(a)(1), the letter from Mr. Jones and his life history make clear that he is a devoted husband, and a loving father to his four young daughters, ages 16, 6, 4 and 2. Mr. Jones plays an active role in his family's life and has much to lose by committing a new crime. Conversely, Mr. Jones has everything to gain by productively continuing to move forward with his life. He has served his sentence and satisfied the financial obligations associated with his crimes. In sum, he has paid his debt to society and demonstrated his ability to lead a law-abiding life. There is no need for further supervision as noted by his probation officer and the interests of justice are served by early termination.

Based on the foregoing, Mr. Jones and the undersigned respectfully ask that the Court grant this Motion.

DATED this 5th day of May, 2025.

                              NEVIN, BENJAMIN & McKAY LLP

                               /s/ Scott McKay
                              Scott McKay

DEFENDANT'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 6

## CERTIFICATE OF SERVICE

  I hereby certify that on the 5th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Justin Whatcott
  United States Attorney's Office
  Justin.Whatcott@usdoj.gov


        /s/ Scott McKay
        Scott McKay